UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORCE MOS TECHNOLOGY CO., LTD., | Case No.  22-cv-08938-SVK |
| Plaintiff, | |
| | **ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT; ORDER SETTING CASE MANAGEMENT CONFERENCE; ORDER OF REFERRAL TO SETTLEMENT CONFERENCE** |
| v. | |
| BO-IN LIN, | |
| Defendant. | |
| | Re: Dkt. No. 35 |

This lawsuit concerns 16 patents (the "Patents") that were assigned to Plaintiff Force MOS Technology Co., Ltd. ("Plaintiff" or "Force MOS") by the inventor, non-party Fu-Yuan Hsieh ("Hsieh"). Defendant Bo-In Lin ("Defendant" or "Lin") prosecuted the Patents. The United States Patent and Trademark Office ("USPTO") deemed each of the Patents expired when Force MOS failed to pay required maintenance fees, which may have given other individuals or entities intervening rights to practice the Patents. Force MOS later revived the Patents by paying the maintenance fees owed and additional fees. In this action, Force MOS asserts legal malpractice and other claims against Lin due to his alleged failure to pay the maintenance fees for the Patents or inform Force MOS of due dates for those fees. *See* Dkt. 27 – "Second Amended Complaint" or "SAC." All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 16, 32.

Now before the Court is Lin's motion to dismiss the Second Amended Complaint or, in the alternative, motion to strike and/or motion for a more definite statement. Dkt. 35 – the "Motion." The Court held a hearing on July 18, 2023. Having considered the Parties' submissions and arguments at the hearing, the applicable law, and the relevant litigation history in this action, the

Court **GRANTS IN PART and DENIES IN PART** the Motion for the reasons discussed below.

## I.        BACKGROUND

This background discussion is based primarily on the allegations of the Second Amended Complaint, which are assumed to be true for purposes of this Motion.  *See Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004).  Defendant Lin is the attorney who prosecuted the 16 Patents at issue in this case.[1]  SAC ¶ 32.  The Patents, which issued between 2009 and 2013, were assigned by the inventor (non-party Hsieh) to Plaintiff Force MOS.  *Id.* ¶ 10.  According to Plaintiff, it hired Defendant to obtain and maintain the Patents.  *Id.* ¶ 11.

Plaintiff summarizes the relevant patent law provisions as they relate to this case as follows:  Patentholders have certain exclusive intellectual property rights for a period (which for the Patents in this case is up to 20 years) that begins on the date the patent issued and ends when the patent expires.  *Id.* ¶ 18.  Among the requirements for a patentholder to keep a patent in force is the periodic payment of maintenance fees to the USPTO.  *Id.* ¶¶ 19-24.  If a required maintenance fee is not timely paid to the USPTO, another person or entity can gain "intervening rights" to engage in acts that would otherwise constitute infringement of the patent.  *Id.* ¶¶ 25-27.

The Patents in this case expired at various times between 2013 and 2020 due to non-payment of maintenance fees and were later revived by Plaintiff's payment of the unpaid maintenance fees and other fees.  *Id.* ¶¶ 35-173.  Plaintiff claims that Defendant was obligated to, but did not, pay the maintenance fees or inform Plaintiff that the fees were due.  *Id.; see also id.* ¶¶ 176-179.  Plaintiff alleges that it did not learn of the expiration of the Patents until after it retained other counsel to pursue enforcement and licensing of the Patents in 2022.  *Id.* ¶¶ 174-175, 180.  Plaintiff asserts that third parties began practicing the invention disclosed in the claims of at least one of the Patents during the time the Patents were expired and that such third parties "may assert a defense of intervening rights to shield themselves from liability for the practice of the inventions in the Patents-at-Issue."  *Id.* ¶ 188.  Plaintiff claims that it cannot recover the damages

---

[1] The Patents are United States Patent Nos. 7,646,058; 7,511,357; 7,612,407; 7,633,121; 7,800,185; 7,812,409; 7,816,729; 7,863,685; 7,929,321; 7,960,787; 8,058,670; 8,022,471; 8,389,354; 8,159,021; 8,252,645; and 8,461,001.

United States District Court
Northern District of California

United States District Court
Northern District of California

due from such third parties because of Defendant's conduct that caused the Patents to expire. *Id.* ¶ 189.

Plaintiff filed this lawsuit on December 16, 2022.  Dkt. 1.  The original Complaint contained a single cause of action for professional negligence under California law.  *Id.*  Plaintiff subsequently filed a First Amended Complaint and later a Second Amended Complaint, both of which contained the following causes of action under California law:  (1) legal malpractice, (2) negligence, (3) breach of fiduciary duty, and (4) breach of implied contract.  *See* Dkt. 14, 24, 25, 27.  Force MOS asserts that this Court has subject matter jurisdiction over these claims based on diversity.  SAC ¶ 6.

Defendant's Motion currently before the Court seeks dismissal of the SAC or, in the alternative, a more definite statement of Plaintiff's claims and/or an order striking certain portions of the SAC.  Dkt. 35 (Motion); *see also* Dkt. 45 (Reply).  Force MOS opposes the Motion.  Dkt. 41 (Opposition).  Both Parties requested that the Court to take judicial notice of various documents.  Dkt. 36 (Defendant's Request for Judicial Notice of pleading filed in other litigation); Dkt. 42 (Plaintiff's Request for Judicial Notice of documents filed with the USPTO). [2]

## II.     LEGAL STANDARD

### A.     Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice."  *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).  In deciding whether the plaintiff has stated a claim, the court must presume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor.  *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

---

[2] The Court declines to rule on the Requests for Judicial Notice at this time because it has not relied on any of the proffered documents in ruling on Defendant's Motion.

2008) (citation omitted).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).

If a motion to dismiss is granted, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### B.      Rule 12(e)

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted" and therefore "cannot reasonably be expected to frame a proper response."  *Gregory Village Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D. Cal. 2011) (citing Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2008 ed.) § 9:347).

Although motions for a more definite statement "are viewed with disfavor" because of the "minimal pleading requirements of the Federal Rules," a court should grant such a motion where "the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made."  *Austin v. County of Alameda*, No. C–15–0942 EMC, 2015 WL 3833239, at *4 (N.D. Cal. June 19, 2015) (citations omitted); *see also McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (motion for more definite statement is appropriate where complaint is "prolix" and "confusing").

### C.      Rule 12(f)

Rule 12(f) enables a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir.

United States District Court
Northern District of California

2010).

### D.     Rule 9(b)

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  To satisfy this heightened pleading standard, the allegations must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged "so that they can defend against the charge and not just deny that they have done anything wrong."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation omitted).  Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (internal quotations marks omitted).  In other words, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."  *Kearns*, 567 F.3d at 1124 (internal quotation marks and citations omitted).  The plaintiff must also set forth "what is false or misleading about a statement, and why it is false."  *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks and citation omitted).

## III.    DISCUSSION

### A.     Statute of Limitations

Defendant argues that Plaintiff's claims for legal malpractice, negligence, and breach of fiduciary duty are barred by the statute of limitations and should be dismissed.  Dkt. 35 at 7-12. California Code of Civil Procedure § 340.6(a) provides:

> An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first.

United States District Court
Northern District of California

Cal. C. Civ. P. § 340.6(a).  This section further provides that the statute of limitations is tolled under certain circumstances, including the time during which "[t]he attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred."  Cal. C. Civ. P. § 340.6(a)(2).

Defendant argues that Plaintiff's claim for legal malpractice is barred because the face of the SAC establishes that all of the Patents expired more than one year before Plaintiff filed this lawsuit on December 16, 2022.  Dkt. 35 at 7-10.  Specifically, Defendant argues that the four-year statute of limitations in section 340.6(a) bars Plaintiff's claims relating to 15 of the 16 Patents because those patents expired more than four years before Plaintiff filed suit.  *Id.* at 8-9. Defendant further argues that the remaining Patent expired more than one year before Plaintiff filed suit.  *Id.*  Defendant argues that section 340.6 applies not only to Plaintiff's claim for legal malpractice, but also to Plaintiff's claims for ordinary negligence, breach of fiduciary duty, and breach of implied contract because all of the claims are based on allegations that an attorney committed legal malpractice.  *Id.* at 10-11.

Plaintiff responds by arguing that both the one-year and four-year provisions of section 340.6 were tolled pursuant to section 340.6(a)(2) by Defendant's continuous representation of Plaintiff.  Dkt. 41 at 3-6.  Plaintiff points to allegations in the SAC that:  (1) Plaintiff hired Defendant to prosecute multiple patent applicants and maintain resulting issued patents, (2) for each of the Patents, Defendant was listed with the USPTO as the counsel of record, and (3) Defendant was responsible for paying, and communicating to Plaintiff the need for payment of, maintenance fees on the Patents.  *Id.* at 4-5 (citing, e.g., SAC ¶¶ 28, 33, 177).  Defendant counters by arguing that any representation of Plaintiff ended no later than the time each of the Patents expired.  Dkt. 45 at 3-4.  In the course of arguing whether there was continuous representation for purposes of tolling, key factual disputes emerged, including whether Defendant ever represented Plaintiff Force MOS (as opposed to the inventor, Hsieh) and, if so, when that representation terminated.  These factual disputes preclude a determination at this pleading stage of whether the applicable statute of limitations was tolled by Defendant's allegedly continuous representation of

1    Plaintiff.

2           Another layer to the statute of limitations issue is delayed discovery. The Parties disagree

3    about which party bears the burden of pleading (and proving) that the statute of limitations did not

4    accrue earlier due to Plaintiff's delayed discovery of Defendant's alleged malpractice. Plaintiff

5    argues that because the statute of limitations under section 340.6 is an affirmative defense,

6    Defendant has the burden of pleading and proof on the issue, and Plaintiff cites California cases on

7    this issue. Dkt. 41 at 6-7. Defendant responds by citing federal cases holding that a plaintiff

8    seeking to delay the one-year statute of limitations based on delayed discovery must plead the

9    discovery-related facts. Dkt. 45 at 3. The Court finds that even if it is Plaintiff's burden to plead

10   facts regarding its delayed discovery of Defendant's alleged malpractice, Plaintiff has satisfied

11   that pleading burden. The SAC alleges that Plaintiff "did not learn of the premature expiration of

12   its intellectual property rights until it sought to enforce its patents against would-be infringers,"

13   which Plaintiff states occurred in May 2022. SAC ¶¶ 13, 42. That date is less than one year

14   before Plaintiff filed this case.

15          Under the circumstances of this case, the Court concludes that the applicability of the

16   statute of limitations cannot properly be determined at the pleading stage, and therefore

17   Defendant's motion to dismiss on the grounds of the statute of limitations is **DENIED**. As

18   discussed at the hearing, however, because of these factual disputes on foundational issues

19   regarding whether and when Defendant represented Plaintiff, the Court is inclined to bifurcate the

20   issues of liability and damages in this case. This approach will be discussed further at the

21   upcoming Case Management Conference ordered below.

22

23        **B.**    **Duplicative Claims**

24          Defendant argues that several of Plaintiff's claims should be dismissed because they are

25   duplicative of the claim for legal malpractice. Dkt. 35 at 12-14. Defendant argues that Plaintiff's

26   claim for breach of fiduciary duty is duplicative and should be dismissed because it arises from the

27   same facts and seeks the same relief as the claim for legal malpractice. Dkt. 35 at 12-13 (citing

28   *Fuster v. Norminton*, 10 Cal. App. 5th 1185, 1194 (Cal. App. 2017)). Similarly, Defendant asserts

United States District Court
Northern District of California

7

1   that Plaintiff's claims for professional negligence and for ordinary negligence are based on the

2   same factual allegations concerning Defendant's performance of legal services, allege the same

3   harm (loss of patent rights caused by failure to pay maintenance fees), and comprise essentially

4   one form of action.  Dkt. 35 at 12 (citing *Flowers v. Torrance Mem. Hosp. Med. Ctr.*, 35 Cal. Rptr.

5   2d 685 (1994)).  Plaintiff responds to this argument by asserting that its breach of fiduciary duty

6   and negligence claims are not identical to its claim for legal malpractice and by contending that it

7   has a right at this stage to plead claims in the alternative.  Dkt. 41 at 8-9.

### 1.    Breach of fiduciary duty

9       In reviewing the relevant case law, a district court in the Central District of California

10  concluded that although no California authority has addressed whether a claim for breach of

11  fiduciary duty may factually duplicate a legal malpractice claim, "cases in which courts applying

12  California law have allowed concurrent legal malpractice and fiduciary duty claims have involved

13  fiduciary duty claims based on factual allegations other than those supporting legal malpractice."

14  *Afont v. Poynter Law Group*, No. SACV 17-01388 JVS (KESx), 2018 WL 6136147, at *6

15  (C.D. Cal. Nov. 5, 2018).  Accordingly, the court granted summary judgment on a claim for

16  breach of fiduciary duty that was based on the same allegations as a claim for legal malpractice.

17  *Id.* at *7.  For similar reasons, a Nevada district court dismissed a breach of fiduciary duty claim

18  that "ar[o]se from the same facts and allege[d] the same injury" as a claim for legal malpractice,

19  holding that "even under California law" the fiduciary duty claim was "duplicative."  *Rennison v.*

20  *Laub*, No. 3:19-cv-00320-MMD-CLB, 2020 WL 4274709, at *2 (D. Nev. July 24, 2020).

21      Here, Plaintiff has not alleged facts supporting the existence of any fiduciary duty outside

22  of the attorney-client relationship.  To the contrary, Plaintiff's claim for breach of fiduciary duty is

23  expressly premised on Defendant's fiduciary obligations as an attorney for Plaintiff.  *See, e.g.,*

24  SAC ¶ 249 ("By virtue of the attorney-client relationship that existed between Attorney Lin and

25  Force MOS, Attorney Lin owed Force MOS a fiduciary duty").  Similarly, Plaintiff's allegations

26  regarding Defendant's breach of fiduciary duty relate to the same conduct that is the basis for

27  Plaintiff's legal malpractice claim.  *Compare id.* ¶ 252 (alleging that Defendant breached a

28  fiduciary duty by "concealing and failing to fully and properly inform Force MOS of the status of

United States District Court
Northern District of California

each of the Patents-at-Issue"), *with id.* ¶¶ 225-227 (alleging that Defendant committed legal malpractice by, *inter alia*, failing to "notify Force MOS of the required maintenance fees and corresponding due dates for payment to the USPTO," "detect and timely notify Force MOS that the maintenance fees could be paid during a grace period prior to the premature expirations of the Patents-at-Issue," and "notify Force MOS of the expiration of the Patents-at-Issue").

Accordingly, the Court **GRANTS** Defendant's motion to dismiss the breach of fiduciary duty claim on the ground that it is duplicative of the claim for legal malpractice.

### 2.      Negligence

Like Plaintiff's claim for breach of fiduciary duty, its claim for ordinary negligence is based on the same facts as its claim for legal malpractice. *See, e.g.,* SAC ¶¶ 241-244 (alleging that "[a]s patent counsel …. Attorney Lin had a duty to exercise reasonable skill in performing his legal and other patent-related services for Force MOS," which he breached when he "failed to take proper steps to correct, or at least minimize, the harm to Force MOS caused by the failure to pay maintenance fees on each of the Patents-at-Issue," thereby "result[ing] in the loss of valuable patent rights"). In the medical context, courts in this District have dismissed as duplicative ordinary negligence claims that are based on the same facts as professional negligence claims. *See, e.g., Cotteril v. City and Cty. of S.F*, No. C-08-02295 JSW, 2008 WL 3876153, at *5 (N.D. Cal. Aug. 19, 2008); *McKay v. Hageseth,* No. C-06-1377 MMC, 2006 WL 8443033, at *6 (N.D. Cal. May 24, 2006); *see generally Flowers*, 35 Cal.Rptr.2d at 689.[3] The Court concludes that the same approach is appropriate in the present case, even though it presents legal rather than medical malpractice claims. At the hearing, Plaintiff argued that pleading alternative theories of professional negligence and ordinary negligence is justified because Defendant disputes he ever represented Plaintiff. However, this position is inconsistent with the ordinary negligence claim set forth in the SAC, which is premised on Defendant's alleged breach of a duty he owed "[a]s patent counsel." *See* SAC ¶ 241. Accordingly, the Court **GRANTS** Defendant's motion to dismiss the

---

[3] A similar rule regarding duplicative fiduciary duty claims in the context of legal malpractice claims was articulated by a California court in *Broadway Victoria, LLC v. Norminton, Wiita & Fuster*, 10 Cal. App. 5th 1185 (2017), but that opinion was ordered depublished by the California Supreme Court, and the Court does not rely on it. *See* Cal. Rule of Court 8.115.

United States District Court
Northern District of California

1    negligence claim on the ground that it is duplicative of the claim for legal malpractice.

2

3        **C.      Claim for Breach of Implied Contract**

4        As with Plaintiff's claims for negligence and breach of fiduciary duty, Defendant argues

5    that the claim for breach of implied contract is duplicative of Plaintiff's claim for legal malpractice

6    because it is premised on Defendant's alleged negligence in rendering legal services.  Dkt. 35 at

7    13-14.  However, the implied contract claim in SAC relies on alleged conduct distinct from the

8    conduct that forms the basis of Plaintiff's claim for legal malpractice, which is discussed in

9    Section III.B.1. above, because the implied contract claim alleges that Defendant breached the

10   Parties' implied contract "by continuing to charge and collect money from Force MOS in relation

11   to patent prosecution involving the trenched MOSFET technology despite knowing of the failures

12   to maintain the Patents-at-Issue."  SAC ¶ 258.

13       Defendant argues that the breach of implied contract claim should be dismissed for the

14   additional reason that it lacks the required factual allegations concerning the terms and formation

15   of the alleged implied contract.  Dkt. 35 at 14.  Under California law, an "attorney-client

16   relationship is created by some form of contract, express or implied, formal or informal."  *Fink v.*

17   *Montes*, 44 F. Supp. 2d 1052, 1060 (C.D. Cal. 1999) (quoting *Responsible Citizens v. Superior*

18   *Court*, 16 Cal.App.4th 1717, 1732 (1993)).  "An implied contract is one, the existence and terms

19   of which are manifested by conduct."  Cal. Civ. C. § 1621.  "The distinction between express and

20   implied in fact contracts relates only to the manifestation of the assent; both types are based upon

21   the expressed or apparent intention of the parties."  *Fink v. Montes*, 44 F. Supp. 2d at 1060

22   (citation omitted).  "In determining whether an attorney-client relationship is created on the basis

23   of an implied contract, the court examines the totality of the circumstances" including "(1) the

24   nature and extent of the contacts between the attorney and the purported client; (2) whether the

25   purported client divulged confidential information to the attorney; (3) whether the attorney

26   provided the purported client with legal advice; and (4) whether the purported client sought or

27   paid for the attorney's services."  *Id.* (internal citations omitted).

28       The Court concludes that although an attorney-client relationship can be created by implied

United States District Court
Northern District of California

10

United States District Court
Northern District of California

contract, Plaintiff has failed to allege facts to support the existence of such an implied contract here.  The SAC includes an adequate description of Defendant's obligations under the alleged contract as being his responsibility "for the drafting of multiple patent applications, serving as counsel for record with the USPTO, and communicating as an intermediary between the USPTO and the rightful owner regarding the patent applications (and subsequent issued patents) he prosecuted."  SAC ¶ 11.  However, the SAC includes only a conclusory allegation that Plaintiff "hired and trusted Attorney Lin to act as their patent prosecutor."  *Id.*; *see also id.* ¶ 28 ("Force MOS hired and trusted Attorney Lin to prosecute multiple patent applications and maintain any issued United States Patents resulting from such patent applications").  The SAC does not contain sufficient allegations concerning any relevant factors to be considered in determining whether an implied contract was formed, such as the nature and extent of the contacts between Plaintiff and Defendant; whether Plaintiff divulged confidential information to Defendant; whether Defendant provided Plaintiff with legal advice; and whether Plaintiff sought or paid for the attorney's services.  *See Fink v. Montes*, 44 F. Supp. 2d at 1060.

Accordingly, Defendant's motion to dismiss the implied contract claim on the grounds that the implied contract claim is duplicative of the legal malpractice claim is **DENIED**, but the motion to dismiss the implied contract claim is **GRANTED** on the grounds that the SAC does not allege sufficient facts regarding the formation of the alleged implied contract.

### D.  Claim for Damages Based on Intervening Rights

Defendant asks the Court to dismiss or strike Plaintiff's allegations regarding its claim for damages because it is based in part on unidentified infringers and patents.  Dkt. 35 at 15-16.  Defendant further argues that with respect to the infringers who are identified in the SAC, a claim for damages should be dismissed as speculative.  *Id.* at 16.

The SAC alleges that Plaintiff has been damaged by the "premature expiration" of the Patents because "[o]n information and belief, third parties, including but not limited to Diodes Incorporated ('Diodes'), ASUSTek Computer, Inc. ('ASUS'), and inergy Technology, Inc. ('inergy') began practicing the invention disclosed in the claims of at least one of the Patents-at-

Issue, such as the '409 Patent, during the period the Patents-at-Issue, including the '409 Patent, were expired."  SAC ¶ 187.  The SAC further alleges on information and belief that "existing would-be infringing third parties may assert a defense of intervening rights to shield themselves from liability for the practice of the inventions in the Patents-at-Issue."  *Id.* ¶ 188.  Plaintiff alleges that Defendant's alleged conduct that led to expiration of the Patents means Plaintiff cannot recover the damages due against third parties.  *Id.* ¶ 189.

The Court agrees with Defendant that the reference to " third parties, including but not limited to" in paragraph 187 of the SAC should be stricken because it fails to adequately identify third parties that allegedly infringe the Patents.  Accordingly, the motion to strike that language is **GRANTED**.  To the extent Plaintiff subsequently identifies specific third party infringers that may have obtained intervening rights as a result of Defendant's alleged conduct, Plaintiff can move to amend the complaint in this case accordingly.

As to Defendant's argument that damages associated with the third party (alleged) infringers who are identified by name in the SAC are speculative, the Court finds that the allegations are sufficient at the pleading stage.  Accordingly, the motion to dismiss or strike these damages allegations is **DENIED** except as set forth above.

### E.      Fraud and Punitive Damages Allegations

Under California law, recovery of punitive damages requires a showing by clear and convincing evidence that the defendant acted with oppression, fraud, or malice.  Cal. Civ. C. § 3294(a).  Defendant argues that Plaintiff's allegations and prayer for punitive damages should be dismissed or stricken because Plaintiff fails to plead fraud with the particularity required under Federal Rule of Civil Procedure 9(b) and fails to allege any facts showing oppression, fraud, or malice to support its claim for punitive damages.  Dkt. 35 at 17-18.

Plaintiff's demand for punitive damages is based on the claim for breach of fiduciary duty, in which Plaintiff alleges that Defendant's actions "were done in bad faith with malice, fraud, oppression, and a reckless disregard of the likelihood that the harm would result in substantial damages to Force MOS."  SAC ¶ 255.  As discussed in section III.B.1. above, the Court has dismissed the claim for breach of fiduciary duty, and therefore the Court **GRANTS** Defendant's

United States District Court
Northern District of California

motion to strike the allegations and prayer for punitive damages that are premised on that cause of action.  *See Doe v. Uber Techs., Inc.*, 184 F. Supp. 3d 774, 790 (N.D. Cal. 2016) ("At the pleadings stage, a plaintiff need not plead all of the elements of a claim for punitive damages but need only plead such facts as could plausibly support the underlying claim of fraud that will support a punitive damages award").  If Plaintiff elects to amend the claim for breach of fiduciary duty and reassert a claim for punitive damages, in any challenge to the amended complaint the Court will evaluate whether the punitive damages claim is adequate in the context of that pleading. *See J.E.L. v. San Francisco Unified Sch. Dist.*, 185 F. Supp. 3d 1196, 1202 (N.D. Cal. 2016) (denying motion to strike general allegations that defendants' acts were "negligent, careless, reckless, and malicious" where the allegations were plausible in the context of the amended complaint).

### F.    Leave to Amend

Defendant argues that the Court should dismiss the legal malpractice claim without leave to amend because it is barred by the statute of limitations. Dkt. 35 at 18-19.  For the reasons discussed, the Court finds that questions of fact preclude a determination at the pleading stage of whether the statute of limitations bars the legal malpractice claim and Defendant's Motion on that ground is **DENIED**.  Insofar as the Court has granted Defendant's Motion on other claims and grounds, the Court grants Plaintiff **LEAVE TO AMEND.**

## IV.    ORDER

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** Defendant's motion to dismiss, strike, or for a more definite statement and further **ORDERS** as follows:

1.  Plaintiff's Third Amended Complaint is due no later than **September 18, 2023.**

2.  A Case Management Conference will be held on **November 14, 2023.**  The Joint Case Management Statement is due **November 7, 2023**.

1

2          The case is **REFERRED** to Magistrate Judge Virginia K. DeMarchi for an early

3    settlement conference, with a completion deadline of **December 29, 2023**.  The Parties are to

4    contact Judge DeMarchi's chambers promptly for scheduling.

5          **SO ORDERED.**

6    Dated: August 31, 2023

7

8                                                                         _____

9                                                                         SUSAN VAN KEULEN
                                                                          United States Magistrate Judge
10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28