**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

FORCE MOS TECHNOLOGY CO.,       )
LTD.,                           )
                                )
              Plaintiff,        )
                                )          Case No. 5:22-cv-8938
         v.                     )
                                )
BO-IN LIN, an individual,       )
                                )
           Defendant.           )
                                )
                                )

# EXHIBIT Q

## Report of Professional Misconduct to the OED



INTERNATIONAL SQUARE
1825 EYE ST. N.W., SUITE 900
WASHINGTON, D.C. 20006
TELEPHONE: 202-659-6941
FACSIMILE: 844-670-6009
http://www.dickinsonwright.com

LAURA MOSKOWITZ
LMoskowitz@dickinsonwright.com

January 6, 2022

**Via Mail and E-mail**


**MAIL STOP OED**
Office of Enrollment and Discipline (OED)
U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, Virginia 22313-1450
OED@uspto.gov

Re: **Professional Misconduct Report Regarding Mr. Bo-In Lin**

Dear Members of the Office of Enrollment and Discipline at the United States Patent and Trademark Office:

This firm, on behalf of its client, Force MOS Technology Co., Ltd. ("Force MOS"), submits this grievance along with the accompanying exhibits as a report of alleged professional misconduct against registered patent attorney Mr. Bo-In Lin ("Mr. Lin"), who practices before the United States Patent and Trademark Office ("USPTO") under registration number 33,948. This report is for consideration for discipline based on Mr. Lin's violations of the ethical standards set forth in USPTO Rules of Professional Conduct, 37 C.F.R. § 11.101 *et seq*.

January 6, 2022
Page 2

## I.      Reporting Attorney

The reporting attorney ("undersigned") is a member at the law firm of Dickinson Wright,

practicing out of the Austin Office, at 607 W. 3rd Street, Suite 2500, Austin, TX 78701, and can

also be reached at the phone number and e-mail address above.

## II.      Registered Attorney Mr. Bo-In Lin

Mr. Bo-In Lin has been registered to practice as an agent in front of the USPTO with

registration number 33,948 since December 22, 1989. Additionally, Mr. Lin is an attorney

licensed to practice law in the State of California (Bar Number 152105) with an office in Los

Altos Hills, California 94022-1925.

Mr. Lin's reported residential address is 13445 Mandoli Dr., Los Altos Hills, California

94022-1925. His phone number is (650) 949-0418 and the e-mail address from which he has

conducted his patent prosecution business is boinlin@gmail.com.

## III.      Grievances Filed with Other Agencies, Associations, and Courts

At the moment, there are no other grievances relating to this misconduct by Mr. Lin filed

with any other agencies, organizations, or bar associations. Such a grievance nonetheless may be

filed as a complaint with the State Bar of California in the future, as Mr. Lin's conduct also

constitutes a violation of the California Rules of Professional Conduct, in respect to Rules §§

1.1(a) (Competence),[1] 1.3(a)-(b) (Diligence),[2] and 1.4(a)(1)-(3) (Communications with Clients).[3]

---

[1] CALIFORNIA RULES OF PROFESSIONAL CONDUCT R. 1.1(a) ("A lawyer shall not intentionally, recklessly, with gross negligence, or repeatedly fail to perform legal services with competence.").

[2] CALIFORNIA RULES OF PROFESSIONAL CONDUCT R. 1.3(a)-(b) ("A lawyer shall not intentionally, repeatedly,

January 6, 2022
Page 3

Force MOS has brought action against Mr. Lin for this conduct in a District Court for the

Northern District of California. In this action, brought on December 16, 2022, Force MOS has

alleged Legal Malpractice in violation of California common law. *See* Exhibit A, Complaint for

Legal Malpractice, No. 5:22-cv-8938 (N.D. Cal. Dec. 16, 2022).

## IV.    Subject Patents at issue and Pending Matters Before the USPTO

Mr. Lin prosecuted the inventions that issued as the following U.S. Patents ("subject

patents"):

<div>

(1)    United States Patent No. 7,511,357;

(2)    United States Patent No. 7,612,407;

(3)    United States Patent No. 7,633,121;

(4)    United States Patent No. 7,646,058;

(5)    United States Patent No. 7,800,185;

(6)    United States Patent No. 7,812,409;

(7)    United States Patent No. 7,816,729;

(8)    United States Patent No. 7,863,685;

(9)    United States Patent No. 7,929,321;

(10)   United States Patent No. 7,960,787;

(11)   United States Patent No. 8,022,471;

(12)   United States Patent No. 8,058,670;

(13)   United States Patent No. 8,159,021;

(14)   United States Patent No. 8,252,645;

(15)   United States Patent No. 8,389,354; and

(16)   United States Patent No. 8,461,001.

</div>

---

recklessly or with gross negligence fail to act with reasonable diligence in representing a client. [] For purposes of this rule, 'reasonable diligence' shall mean that a lawyer acts with commitment and dedication to the interests of the client and does not neglect or disregard, or unduly delay a legal matter entrusted to the lawyer.").

[3] CALIFORNIA RULES OF PROFESSIONAL CONDUCT R. 1.4(a)(1)-(3) ("A lawyer shall: (1) promptly inform the client of any decision or circumstance with respect to which disclosure or the client's informed consent* is required by these rules or the State Bar Act;  (2) reasonably* consult with the client about the means by which to accomplish the client's objectives in the representation; (3) keep the client reasonably* informed about significant developments relating to the representation, including promptly complying with reasonable* requests for information and copies of significant documents when necessary to keep the client so informed").

DICKINSON WRIGHT PLLC

January 6, 2022
Page 4

Each of the subject patents are described below in more detail, in the chronological order that each application was filed.

This grievance involves patent matters that are currently pending in front of the USPTO.

There are currently five (5) petitions pending (Petitions to Accept Unintentionally Delayed Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) to revive specific ones of the subject patents that are expired. These pending petitions are for the '357 Patent, the '185 Patent, the '787 Patent, the '670 Patent, and the '645 Patent.

Four (4) petitions (Petitions to Accept Unintentionally Delayed Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) filed to revive specific ones of the subject patents have been granted. These granted petitions are for the '354 Patent, the '021 Patent, the '058 Patent, and the '407 Patent.

Additionally, seven (7) petition decisions for specific ones of the subject patents have resulted in dismissals and are soon to become pending once more, as Force MOS plans to file requests for reconsideration of the petitions with respect to the '001 Patent, the '471 Patent, the '685 Patent, the '321 Patent, the '409 Patent, the '729 Patent, and the '121 Patent.

### 1. The '357 Patent

United States Patent No. 7,511,357 (the "'357 Patent") titled "Trenched MOSFETs with Improved Gate-Drain (GD) Clamp Diodes," issued from U.S. Patent Application No. 11/788,497 filed on April 20, 2007. The '357 Patent issued on March 9, 2009. *See* Exhibit B, '357 Patent.

In September, 2012, Mr. Lin communicated with Force MOS regarding the corresponding 3.5-year maintenance, received payment from Force MOS for the fee, and

January 6, 2022
Page 5

submitted payment of the 3.5-year maintenance fee to the USPTO.

There was no communication from Mr. Lin to Force MOS regarding the 7.5-year maintenance fee, due in 2016. Mr. Lin did not submit payment of the 7.5-year maintenance fee. As a result of the failure to pay the 7.5-year maintenance fee, the '357 Patent expired.

In May 25, 2022, Force MOS learned of the abandonment of the '357 Patent when seeking to assert its exclusive intellectual property rights against would-be infringers.

On July 12, 2022, Force MOS filed a Petition to Accept Unintentionally Delayed Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) to revive the '357 Patent, and filed a supplemental Petition on October 28, 2022. *See* Exhibit B-1, Original Petition of July 12, 2022 and Supplemental Petition filed October 28, 2022.

### 2.    *The '407 Patent*

United States Patent No. 7,612,407 (the "'407 Patent"), titled "Trenched MOSFET Device with Reduced Mask Processes," issued from U.S. Patent Application No. 11/519,754 filed on September 11, 2006. The '407 Patent issued on November 3, 2009. *See* Exhibit C, '407 Patent.

There was no communication from Mr. Lin to Force MOS regarding the 3.5-year maintenance fee due in March 2013. Mr. Lin did not submit payment of the 3.5-year maintenance fee. As a result of the failure to pay the 3.5-year maintenance fee, the '407 Patent expired.

In May, 2022, Force MOS learned of the abandonment of the '407 Patent when seeking to assert intellectual property rights against would-be infringers.

On July 12, 2022, Force MOS filed a Petition under to Accept Unintentionally Delayed

DICKINSON WRIGHT PLLC

January 6, 2022
Page 6

Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) to revive the '407

Patent, and filed a supplemental Petition on October 28, 2022. *See* Exhibit C-1, Original

Petition of July 12, 2022 and Supplemental Petition filed October 28, 2022. On November 23,

2022, the USPTO granted the petition to revive the '407 Patent. *See* Exhibit C-2, Petition

Decision on the '407 Patent.

> ### 3.      The '121 Patent

United States Patent No. 7,633,121 (the "'121 Patent") titled "Trenched MOSFET with

Implanted Drift Region," issued from U.S. Patent Application No. 11/981,072 filed on October

31, 2007. The '121 Patent issued on December 15, 2009. *See* Exhibit D, '121 Patent.

In June, 2013, Mr. Lin communicated with Force MOS regarding the 3.5-year

maintenance, received payment from Force MOS for the fee, and submitted payment of the 3.5-

year maintenance fee to the USPTO.

There was no communication from Mr. Lin to Force MOS regarding the 7.5-year

maintenance fee due in 2017. Mr. Lin did not communicate any information relating to this

maintenance fee to Force MOS. Mr. Lin did not submit payment of the 7.5-year maintenance fee.

As a result of the failure to pay the 7.5-year maintenance fee, the '121 Patent expired.

In May, 2022, Force MOS learned of the abandonment of the '121 Patent when seeking

to assert intellectual property rights against would-be infringers.

On July 12, 2022, Force MOS filed a Petition under to Accept Unintentionally Delayed

Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) petition to revive the

'121 Patent, and filed a supplemental Petition on October 28, 2022. *See* Exhibit D-1, Original

Petition to Revive the '121 Patent of July 12, 2022 and Supplemental Petition filed October 28,

DICKINSON WRIGHT PLLC

January 6, 2022
Page 7

2022 for the '121 Patent. The October 28, 2022 petition was dismissed on December 7, 2023.

### 4.      The '058 Patent

United States Patent No. 7,646,058 (the "'058 Patent"), titled "Device Configuration and Method to Manufacture Trench MOSFET with Solderable Front Metal," issued from U.S. Patent Application No. 11/810,327 filed on June 5, 2007. The '058 Patent issued on January 12, 2010. See Exhibit E, '058 Patent.

In July, 2013, Mr. Lin communicated the corresponding 3.5-year maintenance fee with Force MOS, received payment for the fee, and provided payment of the 3.5-year maintenance fee to the USPTO.

There was no communication from Mr. Lin to Force MOS regarding the 7.5-year maintenance fee due in 2017. Mr. Lin did not submit payment of the 7.5-year maintenance fee. As a result of the failure to pay maintenance fees, the '058 Patent expired.

In May, 2022, Force MOS learned of the abandonment of the '058 Patent when seeking to assert intellectual property rights against would-be infringers.

On July 12, 2022, Force MOS filed a Petition under to Accept Unintentionally Delayed Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) to revive the '058 Patent and filed a supplemental Petition on October 28, 2022, See Exhibit E-1, Petition to Revive the '058 Patent. On November 23, 2022, the USPTO granted the petition to revive the '058 Patent. See Exhibit E-2, Petition Decision on the '058 Patent.

D I C K I N S O N   W R I G H T   PLLC

January 6, 2022
Page 8

**5.      *The '185 Patent***

United States Patent No. 7,800,185 (the "'185 Patent") titled "Closed Trench MOSFET

with Floating Trench Rings as Termination," issued from U.S. Patent Application No.

11/699,256 filed on January 28, 2007. The '185 Patent issued on September 21, 2010. See

Exhibit F, '185 Patent.

In March, 2014, Mr. Lin communicated the corresponding 3.5-year maintenance fee with

Force MOS, received payment for the fee, and provided payment of the 3.5-year maintenance fee

to the USPTO.

There was no communication from Mr. Lin to Force MOS regarding the 7.5-year

maintenance fee due in 2018. Mr. Lin did not submit payment of the 7.5-year maintenance fee.

As a result of the failure to pay maintenance fees, the '185 Patent expired.

In May, 2022, Force MOS learned of the abandonment of the '185 Patent when seeking

to assert intellectual property rights against would-be infringers.

On July 12, 2022, Force MOS filed a Petition under to Accept Unintentionally Delayed

Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) to revive the '185

Patent, and filed a supplemental Petition on October 28, 2022. *See* Exhibit F-1, Petition to

Revive the '185 Patent.

D I C K I N S O N   W R I G H T   PLLC

January 6, 2022
Page 9

### 6.      *The '409 Patent*

United States Patent No. 7,812,409 (the "'409 Patent") titled "Trench MOSFET with Cell

Layout, Ruggedness, Truncated Corners," issued from U.S. Patent Application No. 11/633,366

filed on December 4, 2006. The '409 Patent issued on October 12, 2010. See Exhibit G, '409

Patent.

In April, 2014, Mr. Lin communicated the corresponding 3.5-year maintenance fee with

Force MOS, received payment for the fee, and provided payment of the 3.5-year maintenance fee

to the USPTO.

There was no communication from Mr. Lin to Force MOS regarding the 7.5-year

maintenance fee due in 2018. Mr. Lin did not submit payment of the 7.5-year maintenance fee.

As a result of the failure to pay maintenance fees, the '409 Patent expired.

In May, 2022, Force MOS learned of the abandonment of the '409 Patent when seeking

to assert its exclusive intellectual property rights against would-be infringers.

On July 12, 2022, Force MOS filed a Petition under to Accept Unintentionally Delayed

Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) to revive the'409

Patent, and filed a supplemental Petition on October 28, 2022. *See* Exhibit G-1, Petition to

Revive the '409 Patent. On December 14, 2022, the USPTO dismissed the petition to revive the

'409 Patent. *See* Exhibit G-2, Petition Decision on the '409 Patent.

Dickinson Wright PLLC

January 6, 2022
Page 10

### 7.     *The '729 Patent*

United States Patent No. 7,816,729 (the "'729 Patent") titled "Trenched MOSFET Device with Trenched Contacts," issued from U.S. Patent Application No. 11/518,729 filed on September 10, 2006. The '729 Patent issued on October 19, 2010. *See* Exhibit H, '729 Patent.

In April, 2014, Mr. Lin communicated regarding the corresponding 3.5-year maintenance fee with Force MOS, received payment for the fee, and provided payment of the 3.5-year maintenance fee to the USPTO.

There was no communication from Mr. Lin to Force MOS regarding the 7.5-year maintenance fee due in 2018. Mr. Lin did not submit payment of the 7.5-year maintenance fee. As a result of the failure to pay maintenance fees, the '729 Patent expired.

In May, 2022, Force MOS learned of the abandonment of the '729 Patent when seeking to assert its exclusive intellectual property rights against would-be infringers.

On July 12, 2022, Force MOS filed a Petition under to Accept Unintentionally Delayed Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) to revive the'729 Patent, and filed a supplemental Petition on October 28, 2022. *See* Exhibit H-1, Petition to Revive the '729 Patent. On December 7, 2022, the USPTO dismissed the petition to revive the '729 Patent. See Exhibit H-2, Petition Decision on the '729 Patent.

### 8.     *The '685 Patent*

United States Patent No. 7,863,685 (the "'685 Patent") titled "Trenched MOSFET with Embedded Junction Barrier Schottky Diode," issued from U.S. Patent Application No. 12/156,070 filed on May 28, 2008. The '685 Patent issued on January 4, 2011. See Exhibit I,

Dickinson Wright PLLC

January 6, 2022
Page 11

'685 Patent.

There was no communication from Mr. Lin to Force MOS regarding the 3.5-year maintenance fee due in July 2014. Mr. Lin did not pay the 3.5-year maintenance fee. As a result of the failure to pay maintenance fees, the '685 Patent expired.

In May, 2022, Force MOS learned of the abandonment of the '685 Patent when seeking to assert its exclusive intellectual property rights against would-be infringers.

On July 12, 2022, Force MOS filed a Petition under to Accept Unintentionally Delayed Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) petition to revive the'685 Patent, and filed a supplemental Petition on October 28, 2022. *See* Exhibit I-1, Petition to Revive the '685 Patent. On November 8, 2022, the USPTO dismissed the petition to revive the '685 Patent. *See* Exhibit I-2, Petition Decision on the '685 Patent.

### 9.      *The '321 Patent*

United States Patent No. 7,929,321 (the "'321 Patent") titled "Depletion Mode Trench MOSFET for Improved Efficiency of DC/DC Converter Applications," issued from U.S. Patent Application No. 12/229,470 filed on August 22, 2008. The '321 Patent issued on April 19, 2011. See Exhibit J, '321 Patent.

There was no communication from Mr. Lin to Force MOS regarding the 3.5-year maintenance fee due in October 2014. Mr. Lin did not submit payment of the 3.5-year maintenance fee. As a result of the failure to pay maintenance fees, the '321 Patent expired.

In May, 2022, Force MOS learned of the abandonment of the '321 Patent when seeking to assert its exclusive intellectual property rights against would-be infringers.

On July 12, 2022, Force MOS filed a Petition under to Accept Unintentionally Delayed

DICKINSON WRIGHT PLLC

January 6, 2022
Page 12

Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) petition to revive the'321, and filed a supplemental Petition on October 28, 2022. See Exhibit J-1, Petition to Revive the '321 Patent. The October 28, 2022 petition was discussed on December 27, 2023.

### 10.    *The '787 Patent*

United States Patent No. 7,960,787 (the "'787 Patent") titled "Configuration of Trenched Semiconductor Power Device to Reduce Masked Process," issued from U.S. Patent Application No. 12/291,365 filed on November 11, 2008. The '787 Patent issued on June 14, 2011. See Exhibit K, '787 Patent.

There was no communication from Mr. Lin to Force MOS regarding the 3.5-year maintenance fee due in December 2014. Mr. Lin did not submit payment of the 3.5-year maintenance fee. As a result of the failure to pay maintenance fees, the '787 Patent expired.

In May, 2022, Force MOS learned of the abandonment of the '787 Patent when seeking to assert its exclusive intellectual property rights against would-be infringers.

On July 12, 2022, Force MOS filed a Petition under to Accept Unintentionally Delayed Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) petition to revive the'787 Patent, and filed a supplemental Petition on October 28, 2022. *See* Exhibit K-1, Petition to Revive the '787 Patent.

### 11.    *The '471 Patent*

United States Patent No. 8,022,471 (the "'471 Patent") titled "Trench Metal Oxide Semiconductor Field Effect Transistor (MOSFET) with Low Gate to Drain (Qgd) Coupled Charges," issued from U.S. Patent Application No. 12/319,188 filed on December 31, 2008. The

January 6, 2022
Page 13

'471 Patent issued on September 20, 2011. See Exhibit L, '471 Patent.

There was no communication from Mr. Lin to Force MOS regarding the 3.5-year
maintenance fee due in March 2015. Mr. Lin did not pay the 3.5-year maintenance fee. As a
result of the failure to pay maintenance fees, the '471 Patent expired.

In May, 2022, Force MOS learned of the abandonment of the '471 Patent when seeking
to assert its exclusive intellectual property rights against would-be infringers.

On July 12, 2022, Force MOS filed a Petition under to Accept Unintentionally Delayed
Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) petition to revive
the'471 Patent, and filed a supplemental Petition on October 28, 2022. *See* Exhibit L-1, Petition
to Revive the '471 Patent. The October 28, 2022 petition was dismissed on December 12, 2022

12.    ***The '670 Patent***

United States Patent No. 8,058,670 (the "'670 Patent") titled "Insulated Gate Bipolar
Transistor (IGBT) with Monolithic Deep Body Clamp Diode to Prevent Latch-Up," issued from
U.S. Patent Application No. 12/455,744 filed on June 4, 2009. The '670 Patent issued on
November 15, 2011. See Exhibit M, '670 Patent.

There was no communication from Mr. Lin to Force MOS regarding the 3.5-year
maintenance fee due in May 2015. Mr. Lin did not submit payment of the 3.5-year maintenance
fee. As a result of the failure to pay maintenance fees, the '670 Patent expired.

In May, 2022, Force MOS learned of the abandonment of the '670 Patent when seeking
to assert its exclusive intellectual property rights against would-be infringers.

On July 12, 2022, Force MOS filed a Petition under to Accept Unintentionally Delayed
Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) petition to revive

DICKINSON WRIGHT PLLC

January 6, 2022
Page 14

the '670 Patent, and filed a supplemental Petition on October 28, 2022. *See* Exhibit M-1, Petition

to Revive the '670 Patent.

### 13.    *The '021 Patent*

United States Patent No. 8,159,021 (the "'021 Patent") titled "Trenched MOSFET with

Double Epitaxial Structure," issued from U.S. Patent Application No. 12/070,853 filed on

February 20, 2008. The '021 Patent issued on April 17, 2012. See Exhibit N, '021 Patent.

In October, 2015, Mr. Lin communicated the corresponding 3.5-year maintenance fee

with Force MOS, received payment for the fee, and provided payment of the 3.5-year

maintenance fee to the USPTO.

There was no communication from Mr. Lin to Force MOS regarding the 7.5-year

maintenance fee due in 2019. Mr. Lin did not pay the 7.5-year maintenance fee. As a result of the

failure to pay maintenance fees, the '021 Patent expired.

In May, 2022, Force MOS learned of the abandonment of the '021 Patent when seeking

to assert its exclusive intellectual property rights against would-be infringers.

On July 12, 2022, Force MOS filed a Petition under to Accept Unintentionally Delayed

Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) petition to revive

the '021 Patent, and filed a supplemental Petition on October 28, 2022. *See* Exhibit N-1, Petition

to Revive the '021 Patent. On November 23, 2022, the USPTO granted the petition to revive the

'021 Patent. *See* Exhibit N-2, Petition Decision on the '021 Patent.

DICKINSON WRIGHT PLLC

January 6, 2022
Page 15

### 14.     The '645 Patent

United States Patent No. 8,252,645 (the "'645 Patent") titled "Method of Manufacturing

Trenched MOSFETs with Embedded Schottky in the Same Cell," issued from U.S. Patent

Application No. 12/462,748 filed on August 7, 2009. The '645 Patent issued on August 28, 2012.

See Exhibit O, '645 Patent.

There was no communication from Mr. Lin to Force MOS regarding the 3.5-year

maintenance fee became due in February 2016. Mr. Lin did not pay the 3.5-year maintenance

fee. As a result of the failure to pay maintenance fees, the '645 Patent expired.

In May, 2022, Force MOS learned of the abandonment of the '645 Patent when seeking

to assert its exclusive intellectual property rights against would-be infringers.

On July 12, 2022, Force MOS filed a Petition under to Accept Unintentionally Delayed

Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) petition to revive

the '645 Patent, and filed a supplemental Petition on October 28, 2022. *See* Exhibit O-1, Petition

to Revive the '645 Patent.

### 15.     The '354 Patent

United States Patent No. 8,389,354 (the "'354 Patent") titled "Trenched MOSFETs with

Improved Gate-Drain (GD) Clamp Diodes," issued from U.S. Patent Application No. 12/383,247

filed on March 19, 2009. The '354 Patent issued on March 5, 2013. See Exhibit P, '354 Patent.

There was no communication from Mr. Lin to Force MOS regarding the 3.5-year

maintenance fee due in October 2016. Mr. Lin did not pay the 3.5-year maintenance fee. As a

result of the failure to pay maintenance fees, the '354 Patent expired.

DICKINSON WRIGHT PLLC

January 6, 2022
Page 16

In May, 2022, Force MOS learned of the abandonment of the '354 Patent when seeking to assert its exclusive intellectual property rights against would-be infringers.

On July 12, 2022, Force MOS filed a Petition under to Accept Unintentionally Delayed Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) petition to revive the'354 Patent, and filed a supplemental Petition on October 28, 2022. *See* Exhibit P-1, Petition to Revive the '354 Patent. On November 23, 2022, the USPTO granted the petition to revive the '354 Patent. *See* Exhibit P-2, Petition Decision on the '354 Patent.

### 16.    *The '001 Patent*

United States Patent No. 8,461,001 (the "'001 Patent") titled "Methods for Manufacturing Trenched MOSFET with Implanted Drift Region," issued from U.S. Patent Application No. 12/653,131 filed on December 9, 2009. The '001 Patent issued on June 11, 2013. See Exhibit Q, '001 Patent.

There was no communication from Mr. Lin to Force MOS regarding the 3.5-year maintenance fee due in December 2016. Mr. Lin did not submit payment of the 3.5-year maintenance fee. As a result of the failure to pay maintenance fees, the '001 Patent expired.

In May, 2022, Force MOS learned of the abandonment of the '001 Patent when seeking to assert its exclusive intellectual property rights against would-be infringers.

On July 12, 2022, Force MOS filed a Petition under to Accept Unintentionally Delayed Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) petition to revive the'001 Patent, and a supplemental Petition was filed on October 28, 2022. *See* Exhibit Q-1, Petition to Revive the '001 Patent. On November 21, 2022, the USPTO dismissed the petition to revive the '001 Patent. *See* Exhibit Q-2, Petition Decision on the '001 Patent.

**V. Witnesses who can provide information, if necessary**

Force MOS is a publicly traded, limited company organized and existing under the laws of Taiwan and located at 24F, No. 555, Siyuan Road, Xinzhuang District, New Taipei City 242, Taiwan (R.O.C.). A corporate representative may serve as a witness for Force MOS:

Rafael 鍾秉家
Force MOS Corporate Representative
rafael@force-mos.com

The corporate representative of Force MOS may serve as a witness to the communications (and lack thereof) Force MOS received from Mr. Lin, the fees charged by Mr. Lin, and the objectives of Force MOS as the rightful assignee and owner of the Subject patents.

**VI. Summary of the Professional Misconduct and Explanation of Facts**

***Summary***

Mr. Lin was hired to serve as a patent prosecutor by Force MOS to prosecute patents related to valuable trench metal-oxide-semiconductor field-effect transistor ("MOSFET") technology. Force MOS is the rightful owner by assignment of dozens of patents, of which there are sixteen patents (the "Subject patents") concerning improvements to trench MOSFETs for the semiconductor market that were conceived by inventor Fu-Yuan Hsieh ("Mr. Hsieh").

Mr. Lin was responsible for the drafting of multiple patent applications, serving as counsel of record with the USPTO, and communicating as an intermediary between the USPTO and the rightful owner regarding the patent applications (and subsequent issued patents) prosecuted by Mr. Lin.

In violation of his duties under the USPTO Rules of Professional Conduct, Mr. Lin failed

DICKINSON WRIGHT PLLC

January 6, 2022
Page 18

to communicate with Force MOS. Particularly, Mr. Lin did not inform Force MOS of due dates for required maintenance fees corresponding to the Subject patents prosecuted by Mr. Lin. As a result, the Subject patents expired.

During and after Mr. Lin's failure to communicate regarding patent maintenance fees, failure to pay the maintenance fees, and expiration of the Subject patents, Mr. Lin continued to charge Force MOS for patent prosecution work. Force MOS did not learn of the abandonment until it sought to enforce its patents against would-be infringers.

Accordingly, Mr. Lin has committed at least the following violations in relation to each one of the sixteen Subject patents: (1) a violation of 37 C.F.R. § 11.101 by failing to provide competent representation to a client; (2) a violation of 37 C.F.R. § 11.103 by failing to act with reasonable diligence and promptness in representing a client; (3) a violation of 37 C.F.R. § 11.104(a)(3) by failing to keep the client reasonably informed about the status of the matter; (4) a violation of 37 C.F.R. § 11.804(d) by engaging in conduct that is prejudicial to the administration of justice; and (5) a violation of 37 C.F.R. § 11.804(i) by engaging in any other conduct that adversely reflects on the practitioner's fitness to practice before the USPTO.

### *Explanation of Facts*

On or before Sept. 10, 2006:          Mr. Lin is hired to serve as the patent prosecutor for applications relating to the trench MOSFET technology assigned to Force MOS.

Sept. 10, 2006:          U.S. Patent Application No. 11/518,729 is filed with the USPTO, with Mr. Lin as the counsel of record with whom the USPTO is to communicate.

Sept. 11, 2006:          U.S. Patent Application No. 11/519,754 is filed with the USPTO, with Mr.

DICKINSON WRIGHT PLLC

January 6, 2022
Page 19

        Lin as the counsel of record with whom the USPTO is to communicate.

Dec. 4, 2006:  U.S. Patent Application No. 11/633,366 is filed with the USPTO, with Mr. Lin as the counsel of record with whom the USPTO is to communicate.

Jan. 28, 2007:  U.S. Patent Application No. 11/699,256 is filed with the USPTO, with Mr. Lin as the counsel of record with whom the USPTO is to communicate.

Apr. 20, 2007:      U.S. Patent Application No. 11/788,497 is filed with the USPTO, with Mr. Lin as the counsel of record with whom the USPTO is to communicate.

June 5, 2007:  U.S. Patent Application No. 11/810,327 is filed with the USPTO, with Mr. Lin as the counsel of record with whom the USPTO is to communicate.

Oct. 31, 2007:  U.S. Patent Application No. 11/981,072 is filed with the USPTO, with Mr. Lin as the counsel of record with whom the USPTO is to communicate.

May 28, 2008:      U.S. Patent Application No. 12/156,070 is filed with the USPTO, with Mr. Lin as the counsel of record with whom the USPTO is to communicate.

Aug. 22, 2008:      U.S. Patent Application No. 12/229,470 is filed with the USPTO, with Mr. Lin as the counsel of record with whom the USPTO is to communicate.

Feb. 20, 2008:      U.S. Patent Application No. 12/070,853 is filed with the USPTO, with Mr. Lin as the counsel of record with whom the USPTO is to communicate.

Nov. 11, 2008:      U.S. Patent Application No. 12/291,365 is filed with the USPTO, with Mr. Lin as the counsel of record with whom the USPTO is to communicate.

Dec. 31, 2008:      U.S. Patent Application No. 12/319,188 is filed with the USPTO, with Mr. Lin as the counsel of record with whom the USPTO is to communicate.

Mar. 9, 2009:  The '357 Patent issues from U.S. Patent Application No. 11/788,497, with Force

DICKINSON WRIGHT PLLC

January 6, 2022
Page 20

              MOS as the assignee by virtue of an assignment recorded at reel 019273, frame 0651.

Mar. 19, 2009:      U.S. Patent Application No. 12/383,247 is filed with the USPTO, with Mr. Lin as the counsel of record with whom the USPTO is to communicate.

June 4, 2009:  U.S. Patent Application No. 12/455,744 is filed with the USPTO, with Mr. Lin as the counsel of record with whom the USPTO is to communicate.

Aug. 7, 2009:  U.S. Patent Application No. 12/462,748 is filed with the USPTO, with Mr. Lin as the counsel of record with whom the USPTO is to communicate.

Nov. 3, 2009:  The '407 Patent issues from U.S. Patent Application No. 11/519,754, with Force MOS as the assignee by virtue of an assignment recorded at reel 018308, frame 0892.

Dec. 9, 2009:  U.S. Patent Application No. 12/653,131 is filed with the USPTO, with Mr. Lin as the counsel of record with whom the USPTO is to communicate.

Dec. 15, 2009:      The '121 Patent issues from U.S. Patent Application No. 11/981,072, with Force MOS as the assignee by virtue of an assignment recorded at reel 020129, frame 0966.

Jan. 10, 2010:  The '058 Patent issues from U.S. Patent Application No. 11/810,327, with Force MOS as the assignee by virtue of an assignment recorded at reel 019438, frame 0898.

Sept. 21, 2010:      The '185 Patent issues from U.S. Patent Application No. 11/699,256, with Force MOS as the assignee by virtue of an assignment recorded at reel 018858, frame 0947.

Oct. 12, 2010:  The '409 Patent issues from U.S. Patent Application No. 11/633,366, with Force MOS as the assignee by virtue of an assignment recorded at reel 018666, frame

DICKINSON WRIGHT PLLC

January 6, 2022
Page 21

        0118.

Oct. 19, 2010: The '729 Patent issues from U.S. Patent Application No. 11/518,729, with Force MOS as the assignee by virtue of an assignment recorded at reel 018288, frame 0790.

Jan. 4, 2011:   The '685 Patent issues from U.S. Patent Application No. 12/156,070, with Force MOS as the assignee by virtue of an assignment recorded at reel 021072, frame 0282.

Apr. 19, 2011:   The '321 Patent issues from U.S. Patent Application No. 12/229,470, with Force MOS as the assignee by virtue of an assignment recorded at reel 021482, frame 0773.

June 14, 2011:   The '787 Patent issues from U.S. Patent Application No. 12/291,365, with Force MOS as the assignee by virtue of an assignment recorded at reel 021880, frame 0903.

Sept. 20, 2011:   The '471 Patent issues from U.S. Patent Application No. 12/319,188, with Force MOS as the assignee by virtue of an assignment recorded at reel 022115, frame 0119.

Nov. 15, 2011:   The '670 Patent issues from U.S. Patent Application No. 12/455,744, with Force MOS as the assignee by virtue of an assignment recorded at reel 022845, frame 0902.

Apr. 17, 2012:   The '021 Patent issues from U.S. Patent Application No. 12/070,853, with Force MOS as the assignee by virtue of an assignment recorded at reel 020598, frame 0604.

Aug. 28, 2012:   The '645 Patent issues from U.S. Patent Application No. 12/462,748, with Force MOS as the assignee by virtue of an assignment recorded at reel 023112,

DICKINSON WRIGHT PLLC

January 6, 2022
Page 22

               frame 0422.

Sept. 9, 2012:  Mr. Lin submits the 3.5-year maintenance fee for the '357 Patent.

Mar. 3, 2013:  The 3.5-year maintenance fee for the '407 Patent is not paid by Mr. Lin, and Force MOS is not notified. As a result, the '407 Patent expires.

Mar. 5, 2013:  The '354 Patent issues from U.S. Patent Application No. 12/383,247, with Force MOS as the assignee by virtue of an assignment recorded at reel 060508, frame 0867.

June 11, 2013:  The '001 Patent issues from U.S. Patent Application No. 12/653,131, with Force MOS as the assignee by virtue of an assignment recorded at reel 023671, frame 0511.

July 12, 2013: Mr. Lin submits the 3.5-year maintenance fee for the '058 Patent.

June 15, 2013:  Mr. Lin submits the 3.5-year maintenance fee for the '121 Patent.

Mar. 21, 2014:  Mr. Lin submits the 3.5-year maintenance fee for the '185 Patent.

Apr. 12, 2014:  Mr. Lin submits the 3.5-year maintenance fee for the '409 Patent.

Apr. 19, 2014:  Mr. Lin submits the 3.5-year maintenance fee for the '729 Patent.

July 4, 2014:  The 3.5-year maintenance fee for the '685 Patent is not paid by Mr. Lin, and Force MOS is not notified. As a result, the '685 Patent expires.

Oct. 19, 2014: The 3.5-year maintenance fee for the '321 Patent is not paid by Mr. Lin, and Force MOS is not notified. As a result, the '321 Patent expires.

Dec. 14, 2014:  The 3.5-year maintenance fee for the '787 Patent is not paid by Mr. Lin, and Force MOS is not notified. As a result, the '787 Patent expires.

DICKINSON WRIGHT PLLC

January 6, 2022
Page 23

Mar. 20, 2015:          The 3.5-year maintenance fee for the '471 Patent is not paid by Mr. Lin, and Force MOS is not notified. As a result, the '471 Patent expires.

May 15, 2015:          The 3.5-year maintenance fee for the '670 Patent is not paid by Mr. Lin, and Force MOS is not notified. As a result, the '670 Patent expires.

Oct. 17, 2015: Mr. Lin submits the 3.5-year maintenance fee for the '021 Patent.

Feb. 28, 2016:          The 3.5-year maintenance fee for the '645 Patent is not paid by Mr. Lin, and Force MOS is not notified. As a result, the '645 Patent expires.

Sept. 9, 2016:  The 7.5-year maintenance fee for the '357 Patent is not paid by Mr. Lin, and Force MOS is not notified. As a result, the '357 Patent expires.

Oct. 5, 2016:   The 3.5-year maintenance fee for the '354 Patent is not paid by Mr. Lin, and Force MOS is not notified. As a result, the '354 Patent expires.

Dec. 11, 2016:          The 3.5-year maintenance fee for the '001 Patent is not paid by Mr. Lin, and Force MOS is not notified. As a result, the '001 Patent expires.

Jan. 12, 2017:  The 7.5-year maintenance fee for the '058 Patent is not paid by Mr. Lin, and Force MOS is not notified. As a result, the '058 Patent expires.

June 15, 2017:          The 7.5-year maintenance fee for the '121 Patent is not paid by Mr. Lin, and Force MOS is not notified. As a result, the '121 Patent expires.

Mar. 21, 2018:          The 7.5-year maintenance fee for the '185 Patent is not paid by Mr. Lin, and Force MOS is not notified. As a result, the '185 Patent expires.

Apr. 12, 2018:          The 7.5-year maintenance fee for the '409 Patent is not paid by Mr. Lin, and Force MOS is not notified. As a result, the '409 Patent expires.

Apr. 19, 2018:          The 7.5-year maintenance fee for the '729 Patent is not paid by Mr. Lin,

D I C K I N S O N   W R I G H T   P L L C

January 6, 2022
Page 24

and Force MOS is not notified. As a result, the '729 Patent expires.

Oct. 17, 2019: The 7.5-year maintenance fee for the '021 Patent is not paid by Mr. Lin, and Force MOS is not notified. As a result, the '021 Patent expires.

May 25, 2022:        Force MOS learns of the abandonment of the Subject patents.

June 2, 2022:  Force MOS's counsel, Mr. Christopher Hanba, attempts to contact Mr. Lin to discuss and inquire as to why Mr. Lin failed to make maintenance fees on the Subject patents. Mr. Lin does not respond.

June 7, 2022:  Force MOS's counsel, Mr. Hanba, attempted to contact Mr. Lin to discuss why Mr. Lin failed to make maintenance fee payments on the Subject patents. In this e-mail communication, Force MOS's counsel asked Mr. Lin to provide information as to why the payments were not completed and any communications discussing maintenance fees for the Subject patents between Mr. Lin, Mr. Hsieh, or any representative of Force MOS. Mr. Lin does not respond.

July 12, 2022: Force MOS files Petitions to Accept Unintentionally Delayed Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) with respect to each of the Subject patents.

Oct. 28, 2022: Force MOS files Supplemental Petitions to Accept Unintentionally Delayed Payment of Maintenance Fee in an Expired Patent (37 C.F.R. § 1.378(b)) with respect to each of the Subject patents.

Dec. 16, 2022:        A complaint is filed by Force MOS against Bo-In Lin in the District Court for the Northern District of California. The complaint alleges legal malpractice.

Dec. 20, 2022:        An amended complaint is filed by Force MOS against Bo-In Lin in the District Court for the Northern District of California. The amended complaint alleges legal malpractice, negligence, breach of fiduciary duty, and breach of

DICKINSON WRIGHT PLLC

January 6, 2022
Page 25

implied contract.

## VII.    Description of Conduct of Mr. Lin

As early as September 10, 2006, Mr. Lin served as the patent prosecutor for at least one of the Subject patents. By acting under Power of Attorney, Mr. Lin agreed to take on the responsibility of prosecuting the subject patents and acting in the interest of the Patentee. Further, as counsel of record, Mr. Lin was responsible for handling communications with the USPTO.

Mr. Lin properly and timely paid the Issue Fees for each of the subject patents. This established the precedent that Mr. Lin was responsible for, and would properly and timely handle the post-grant fees for each of the Subject patents.

Specifically, Mr. Lin timely paid the required Issue Fees for the Subject patents during a time period beginning on March 31, 2009 and up to and including June 11, 2013. Having paid the Issue fees for each of the subject patents, Mr. Lin then timely paid the 3.5-year Maintenance Fees for the '729 patent, the '121 patent, the '357 patent, the '409 patent, the '185 patent, the '058 patent, and the '021 patent. *See* Exhibit R, Issue Fee Payment Documentation.

It is noted that Mr. Lin never contacted Force MOS regarding the expiration of any of the subject patents. Force MOS had no reason to think, believe, or suspect that any of the subject patents for which the Issue Fees were paid were delinquent, expired, or about to be expired, or that any required Maintenance Fees were not paid. Force MOS and Mr. Lin, as is standard with patent agent-client relationships, had agreed that Mr. Lin would handle all required payments, and would alert Force MOS of any issue that arose during the life of each of the subject patents. No such alert, indication, or communication otherwise was provided to Force MOS.

January 6, 2022
Page 26

Mr. Lin did not notify Force MOS of the maintenance fees that were not paid before the expiration of the Subject patents. Mr. Lin did not notify Force MOS of the expiration of the Subject patents. In fact, as some of the Subject patents were expiring for failure to pay maintenance fees, Mr. Lin continued to charge Force MOS for patent prosecution services, as evidenced at least by the payment of fees on some of the Subject patents after others had already been abandoned.

The failure to pay the required maintenance fees to the USPTO was the direct cause of the expiration of the Subject patents. On May 25, 2022, Force MOS learned of the expiration of the Subject patents after retaining other counsel to pursue enforcement and licensing of the Subject patents.

On June 2, 2022, Force MOS's counsel, Mr. Hanba, attempted to contact Mr. Lin to discuss and inquire as to why Mr. Lin failed to make maintenance fee payments on the Subject patents. *See* Exhibit S, E-Mail Communications to Bo-In Lin. Again, on June 7, 2022, Force MOS's counsel attempted to contact Mr. Lin to discuss why Mr. Lin failed to make maintenance fee payments on the Subject patents. *See id*. In this e-mail communication, Force MOS's counsel asked Mr. Lin to provide information as to why the payments were not completed and any communications discussing maintenance fees for the Subject patents between Mr. Lin, Mr. Hsieh, or any member of Force MOS.

Mr. Lin has not responded to the any of the attempted communications regarding the abandoned Subject patents.

January 6, 2022
Page 27

## VIII.   Violations of the USPTO Rules of Professional Conduct

Mr. Lin has committed at least the following violations in relation to each one of the sixteen Subject patents: (1) a violation of 37 C.F.R. § 11.101 by failing to provide competent representation to a client; (2) a violation of 37 C.F.R. § 11.103 by failing to act with reasonable diligence and promptness in representing a client; (3) a violation of 37 C.F.R. § 11.104(a)(3) by failing to keep the client reasonably informed about the status of the matter; (4) a violation of 37 C.F.R. § 11.804(d) by engaging in conduct that is prejudicial to the administration of justice; and (5) a violation of 37 C.F.R. § 11.804(i) by engaging in any other conduct that adversely reflects on the practitioner's fitness to practice before the USPTO.

### 1.   *Violation of 37 C.F.R. § 11.101*

The USPTO Rules of Professional Conduct, in Rule 11.101, require that a practitioner practicing in front of the USPTO "shall provide competent representation to a client." 37 C.F.R. § 11.101. To provide competent representation, a practitioner must use "the legal, scientific, and technical knowledge, skill, and thoroughness and preparation reasonably necessary for the representation." *Id.*

Mr. Lin's failure to pay the required Maintenance Fees on the Subject patents is contrary to the actions that a practitioner using legal knowledge, skill, thoroughness, and preparation would take. The fact that the Subject patents expired for failure to pay maintenance fees, despite the wishes of Force MOS, the owner of the intellectual property, evidences that Mr. Lin was not competently representing his client. Further, Mr. Lin's subsequent lack of any attempt to revive

D I C K I N S O N   W R I G H T   P L L C

January 6, 2022
Page 28

the Subject patents evidences that Mr. Lin was not conducting business with the thoroughness

and preparation necessary for representation as counsel of record for the Subject patents.

### 2.      *Violation of 37 C.F.R. § 11.103*

The USPTO Rules of Professional Conduct, in Rule 11.103, require that "[a] practitioner

shall act with reasonable diligence and promptness in representing a client." 37 C.F.R. § 11.103.

The Subject patents expired for failure to pay at least one of the required 3.5-year and

7.5-year Maintenance Fees. A practitioner acting with reasonably diligence and promptness

would not fail to meet strict time-sensitive requirements that are vital to maintaining a patent.

Mr. Lin's lack of promptness was a direct cause of the premature expiration of the Subject

patents. Additionally, Mr. Lin did not act with reasonable diligence in informing his client, Force

MOS, or the USPTO of the failure of payment of the maintenance fees.

### 3.      *Violation of 37 C.F.R. § 11.104(a)(3)*

The USPTO Rules of Professional Conduct, in Rule 11.104(a)(3), require that a

practitioner must "keep the client reasonably informed about the status of the matter." 37 C.F.R.

§ 11.104(a)(3).

Mr. Lin did not notify his client, Force MOS, of the abandonment of the Subject patents.

Since Mr. Lin was still acting as the patent prosecutor for the inventions involving Force MOS's

trenched MOSFET technology and charging Force MOS for some of the USPTO-related fees,

Force MOS was unaware of and no reason to suspect that some of the Subject patents were

abandoned based on a failure to pay maintenance fees.

DICKINSON WRIGHT PLLC

January 6, 2022
Page 29

Mr. Lin did not inform of Force MOS of a single one of the Subject patents becoming abandoned. Rather, it was not until Force MOS sought to enforce its patent rights against would-be infringers that Force MOS discovered the abandonment.

Accordingly, Mr. Lin failed repeatedly to keep his client reasonably informed about the status of the Subject patents.

### 4. *Violation of 37 C.F.R. § 11.804(d)*

As mentioned above, the USPTO Rules of Professional Conduct, in Rule 11.804, outline acts that constitute professional misconduct for patent practitioners. Another recognized act of misconduct is when a practitioner "engage[s] in conduct that is prejudicial to the administration of justice." 37 C.F.R. § 11.804(d).

Mr. Lin's repeated failure to timely submit payment of required filing fees to the USPTO, which ultimately resulted in his client's Subject patents' premature expiration is a recognized violation of this USPTO Rule of Professional Conduct. *In the Matter of Joseph Stecewycz*, No. D2014-15 (OED Decision Apr. 27, 2015) (holding a practitioner violated 37 C.F.R. § 10.23(b)(5) [now 37 C.F.R. § 11.804(d)] for "repeatedly failing to timely submit proper payment of required filing fees to the USPTO, which ultimately resulted in his client's patent application going abandoned.").

### 5. *Violation of 37 C.F.R. § 11.804(i)*

As mentioned above, the USPTO Rules of Professional Conduct, in Rule 11.804, outline acts that constitute professional misconduct for patent practitioners. An additional recognized act

DICKINSON WRIGHT PLLC

January 6, 2022
Page 30

of misconduct is when a practitioner "engage[s] in other conduct that adversely reflects on the practitioner's fitness to practice before the Office." 37 C.F.R. § 11.804(i).

     Mr. Lin's failure to respond to any of the attempts by Force MOS and Force MOS's counsel to communicate about the reason that the Subject patents' premature expiration evidences conduct that adversely reflects on Mr. Lin's fitness to practice before the Office.


     If the Members of the Office of Enrollment and Discipline have any questions, please do not hesitate to contact us. Thank you in advance for your thoughtful consideration of this report and the accompanying exhibits.

                   Very truly yours,

                   Dickinson Wright PLLC

                   Laura Moskowitz

LEM/