UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORCE MOS TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>BO-IN LIN,<br><br>Defendant. | Case No. 22-cv-08938-SVK<br><br>**ORDER DECLINING TO JOIN NON-PARTIES UNDER FEDERAL RULE OF CIVIL PROCEDURE 19**<br><br>Re: Dkt. No. 75 |

This action stems from Defendant-attorney Bo-In Lin's alleged failure to maintain Plaintiff Force MOS Technology Co., Ltd.'s patents. Because of this failure, the patents expired, rendering them unenforceable. Plaintiff did not discover the patents' expiration until after certain third parties allegedly infringed the patents (the "Third Parties"). It subsequently commenced this action against Defendant, asserting claims for, *inter alia*, legal malpractice.

In answering Plaintiff's third amended complaint (the "TAC" at Dkt. 55), Defendant raised as an affirmative defense "Plaintiff's failure to join [the Third Parties as] indispensable and necessary parties." *See* Dkt. 62 at 31. The Parties subsequently appeared for a case-management conference during which the Court expressed concern about potentially litigating the issue of the Third Parties' alleged patent infringement without the Third Parties' participation. The Court accordingly ordered the Parties to brief the issue under Federal Rule of Civil Procedure 19. *See* Dkt. 72 at 2. As requested, Defendant filed an opening brief (the "Opening Brief" at Dkt. 75), Plaintiff filed a response (Dkt. 77)[1] and Defendant filed a reply (Dkt. 78). Both Parties have

---

[1] The Court observes that Plaintiff's briefing contains substantive footnotes. *See, e.g.*, Dkt. 77 at 8 n.6. However, the undersigned's Civil and Discovery Referral Matters Standing Order (available at: https://www.cand.uscourts.gov/judges/van-keulen-susan-svk/) limits using footnotes "to providing points of clarification or cross-references." *See* Standing Order § 9.a. The Court, therefore, will not consider these substantive footnotes and admonishes Plaintiff to comply with the requirements of the undersigned's Standing Order in the future.

consented to the jurisdiction of a magistrate judge. *See* Dkts. 16, 32. The Court has determined that the dispute is suitable for resolution without oral argument. *See* Civil Local Rule 7-1(b). After considering the Parties' briefing, relevant law and the record in this action, and for the reasons that follow, the Court **DECLINES** to join the Third Parties to this action.

I.  **LEGAL STANDARD**

"There is no precise formula for determining whether a particular nonparty should be joined" under Federal Rule of Civil Procedure 19, and "[t]he determination is heavily influenced by the facts and circumstances of each case." *Bakia v. L.A. Cnty. of State of Cal.*, 687 F.2d 299, 301 (9th Cir. 1982). Even so, Rule 19 requires district courts to answer three questions in evaluating joinder requests (*see Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012)):

- **Question One:** Is the non-party necessary to the litigation?
- **Question Two:** If the non-party is necessary, is it feasible to join the non-party?
- **Question Three:** If joinder of the non-party is not feasible, is the non-party indispensable such that the action cannot proceed without the non-party?

Courts enjoy "considerable discretion" in answering these questions. *See Bakia*, 687 F.2d at 301. If a court determines that a non-party is not necessary at Question One, it need not answer Questions Two or Three. *See t'Bear v. Forman*, No. 17-cv-00796-JSC, 2020 WL 703888, at *3 (N.D. Cal. Feb. 12, 2020). The party seeking joinder under Rule 19 bears the burden of persuasion. *See Est. of Vela v. Cnty. of Monterey*, No. 16-cv-02375-BLF, 2018 WL 1510213, at *3 (N.D. Cal. Mar. 27, 2018); *Desoto Cab Co. v. Picker*, 196 F. Supp. 3d 1107, 1118-19 (N.D. Cal. 2016).

///
///
///
///
///
///

## II.      DISCUSSION

The Court begins by answering Question One:  Are the Third Parties—the alleged infringers of Plaintiff's patents—necessary to this action?  Non-parties are necessary in three circumstances:

> First, a person is necessary if, in his absence, the court cannot accord complete relief among existing parties.  Second, a person is necessary if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest.  Third, a person is necessary if he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest.

*Salt River*, 672 F.3d at 1179 (citations omitted).  None of these circumstances applies to the Third Parties, rendering joinder under Rule 19 inappropriate.

### A.      The Court Can Accord Complete Relief Without The Third Parties

In evaluating whether a court may award complete relief without joining an additional party, a "court asks whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties." *See Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) (citation omitted).  Here, Plaintiff seeks an award of damages and attorneys' fees and costs. *See* TAC at 38.  The Court could easily grant such relief without haling new parties into this action. *See A.D. v. Cal. Highway Patrol*, No. 07-cv-05483-SI, 2009 WL 733872, at *2 (N.D. Cal. Mar. 17, 2009) (complete-relief requirement is satisfied where "a party can recover damages sufficient to compensate for his or her injuries from the defendants already in the action"); *see, e.g.*, *Simmons v. Naphcare Inc.*, No. 19-cv-01320-CJC, 2019 WL 13177046, at *3 (C.D. Cal. Nov. 7, 2019) ("If Plaintiff were to prevail, the Court sees no reason why it could not afford complete relief by awarding damages for Naphcare's FCRA violations without joining the BOP.  Plaintiff only seeks damages for Naphcare and Experian's alleged violations of the FCRA, so the BOP's absence is immaterial to the completeness of her recovery." (citations omitted)).

Defendant offers two arguments in opposition to this conclusion.

*First*, Defendant argues that "various issues regarding each of the [Third Parties']

3

intervening rights will be litigated in multiple forums, which may result in inconsistent adjudications, which, in turn, could undercut the basis for the completeness of any judgment in the present case." Opening Brief at 6. The Court disagrees. Any inconsistency between the determinations of this Court and another court would not render incomplete a judgment of this Court. For example, were this Court to award damages to Plaintiff against Defendant on the basis that the Third Parties obtained intervening rights as a result of Defendant's alleged malpractice, the ability for that damages award to provide Plaintiff complete relief in this action would not be affected by a different court's conflicting determination that the Third Parties did not obtain intervening rights. There is simply no connection between the judgment of another court and this Court's ability to afford complete relief.

*Second*, Defendant argues that "there is a significant likelihood that a scenario could occur in which [Plaintiff] is unjustly enriched by way of an impermissible double recovery." *Id.* at 7. Again, however, a risk of double recovery does not impact the completeness of any judgment awarded by the Court—even if Plaintiff could recover for the same harm alleged in this action in a different action against the Third Parties, the possibility of such a recovery does not negate this Court's ability to award Plaintiff damages in this action sufficient to afford Plaintiff complete relief. If anything, by raising this argument, Defendant concedes that the Court could fashion complete relief without joining the Third Parties; Defendant's entire point is that Plaintiff could obtain complete relief both in this action against solely Defendant and in another action against the Third Parties.

### B. Declining To Join The Third Parties Will Not Hinder Them In Protecting Their Interests In This Action

Whether a third party's interest will be impaired "normally involves an inquiry into the possibility of the absent party being collaterally estopped in another proceeding." *See United States ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901, 908 (9th Cir. 1994) (citation omitted). Here, Defendant argues that the Third Parties maintain an interest in the Court's determination of whether the Third Parties infringed Plaintiff's patents or "may assert a defense of intervening rights." *See* Opening Brief at 8-10. But there is no risk that the Court's resolution of

4

those issues will impact the Third Parties in any future litigation.

*First*, collateral estoppel (also known as issue preclusion) binds only those (1) who were parties to both litigations or (2) in a future litigation who were in privity with a party in an earlier litigation. *See United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008). Any legal determination by the Court here, therefore, would not apply to the Third Parties in any other action because they are not parties to this action and are not in privity with any party to this action. *See also Gunn v. Minton*, 568 U.S. 251, 263 (2013) ("But even assuming that a [malpractice action's] case-within-a-case adjudication may be preclusive under some circumstances, the result would be limited to the parties . . . that had been before the . . . court.").

*Second*, as the Supreme Court has explained, the resolution of patent issues in malpractice actions is "backward-looking" and "hypothetical," "will have no broader effects" outside of the malpractice action and "will not stand as binding precedent for any future patent claim." *See id.* at 261, 264. Again, therefore, no decision that this Court renders on the underlying patent issues in this action will apply to the Third Parties in any other action.

### C. There Is No Risk That Defendant Will Be Subject To Inconsistent Obligations

The Ninth Circuit distinguishes between inconsistent <u>obligations</u> (which are the subject of Rule 19) and inconsistent <u>adjudications</u> (which are not implicated by Rule 19):

> Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.

*Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 976 (9th Cir. 2008) (citations omitted). Because Rule 19 does not concern itself with the risk of a ruling subjecting a party to inconsistent adjudications, such a risk "does not necessitate joinder." *See Ikeda v. S.F. Firemen Credit Union*, No. 20-cv-08071-TSH, 2021 WL 4776705, at *7 (N.D. Cal. Oct. 13, 2021) (citation omitted); *see also Bird v. Keefe Kaplan Mar., Inc.*, No. 14-cv-03277-MEJ, 2015 WL 1009015, at *4 (N.D. Cal. Mar. 5, 2015) ("[S]ubsequent litigation that results in

5

different liabilities does not necessitate compulsory joinder." (citations omitted)).

In an attempt to demonstrate a risk of inconsistent obligations, Defendant identifies only purportedly inconsistent adjudications to which it may become subject if the Court does not join the Third Parties. *See* Opening Brief at 5-8, 11-12. Specifically, he is concerned that (1) this Court may make a determination about the Third Parties' alleged infringement that will lead to liability for Defendant in this action, but (2) a different court directly adjudicating the Third Parties' alleged infringement may reach a different conclusion that would be inconsistent with this Court's determination and imposition of liability on Defendant. As Defendant himself recognizes, however, he "would obviously not be 'obligated' under a judgment of another case" directly concerning the alleged infringement of the Third Parties. *See id.* at 11. Instead, he argues that an inconsistent determination made by another court could "obviate[] the legal foundation" of a finding of liability and an award of damages against him in this action. *See id.* But such obviation would not render Defendant "unable to comply with one court's order without breaching another court's order concerning the same incident," *i.e.*, would not impose inconsistent obligations on Defendant. *See Cachil Dehe Band*, 547 F.3d at 976. Rather, the two inconsistent determinations would simply present a "logical[] inconsisten[cy]" that "would not create inconsistent obligations" under Rule 19. *See Mangiaracina v. BNSF Ry. Co.*, No. 16-cv-05270-JST, 2018 WL 368600, at *4 (N.D. Cal. Jan. 11, 2018).

Defendant also argues that failing to join the Third Parties in this action could "lead[] to an impermissible double recovery" for Plaintiff (*i.e.*, Plaintiff could recover once against Defendant here and again against the Third Parties in another action). *See* Opening Brief at 7. Even if true, the risk of double recovery is irrelevant under Rule 19. The Rule seeks to avoid a situation where an "existing party [may become] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." *See* Fed. R. Civ. P. 19(a)(1)(B)(ii) (emphasis added). Were Plaintiff to recover against both Defendant in this action and the Third Parties in another action, no party would incur double obligations. *See also Garrison v. Ringgold*, No. 19-cv-00244-GPC, 2019 WL 2089509, at *11 n.8 (S.D. Cal. May 13, 2019) ("[D]ouble recovery is distinct from double obligations as required by Rule 19." (citation omitted)).

\* \* \*

In sum, the Third Parties are not necessary to this action. Rule 19, therefore, does not mandate their joinder, and the Court need not address Questions Two or Three of the Rule 19 analysis.

### III. ADDITIONAL BRIEFING IS NOT NECESSARY

After the Parties began briefing the issue of joinder, Plaintiff filed a fourth amended complaint. *See* Dkt. 76. Defendant now questions whether "the Rule 19 briefing on the joinder issues may need to be supplemented or re-briefed to address" some of Plaintiff's new allegations. *See* Dkt. 78 at 1-2. Specifically, Defendant believes that Plaintiff's new allegations regarding (1) allegedly infringing Third Parties not identified in the TAC and (2) infringement of a patent whose infringement was not alleged in the TAC impact the Rule 19 analysis. *See id.* The Court disagrees; Plaintiff's new allegations do not influence the propriety of joining the Third Parties, and the Court's analysis in this Order applies just the same to the newly referenced Third Parties. Accordingly, the Court will not permit additional briefing of the joinder issue.

### IV. CONCLUSION

For the foregoing reasons, the Court **DECLINES** to join the Third Parties to this action.

**SO ORDERED.**

Dated: March 19, 2024

SUSAN VAN KEULEN
United States Magistrate Judge